UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ESCOT BUS LINES, LLC,

    Plaintiff,

v.                                                             Case No: 8:15-cv-2439-T-36TGW

THE FLORIDA EXPRESS BUS, LLC,

    Defendant.
_____/

**ORDER**

This cause comes before the Court upon Escot Bus Lines, LLC's ("Escot") Renewed Motion for Default Judgment. Doc. 17. Defendant, the Florida Express Bus, LLC ("Florida Express") has not responded and the time for doing so has expired. The Court, having considered the Motion and being fully advised in the premises, will now grant the Motion, in part.

    **I.**     **STATEMENT OF FACTS**

This is an action for damages and permanent injunctive relief based on Federal trademark infringement and Florida common law trademark infringement. Plaintiff is a limited liability company existing under the laws of the State of Florida. Doc. 1 ¶7. Plaintiff is engaged in the business of operating bus transportation services for passengers throughout Florida and elsewhere in the United States, and has an address in Pinellas County, Florida at 6890 142nd Avenue North, Largo, Florida 33771. *Id.* ¶7. Plaintiff has adopted and used the Service Mark CRUISE CONNECTION (the "Mark") for bus passenger services, in particular the transportation of passengers to cruise terminals at various locations in Florida. *Id.* ¶9. Plaintiff has acquired considerable good will under the Mark by reason of its continuous and exclusive use of the Mark in Florida and throughout the United States. *Id.* Plaintiff has acquired a

considerable reputation for high quality services under the Mark, and as a result of its efforts, Plaintiff's Mark has acquired a special significance and Plaintiff has established a customer base and developed customer loyalty to its services in Florida and throughout the United States. *Id.*

Plaintiff filed an application to register its Service Mark with the United States Patent and Trademark Office for "transportation of passengers and/or goods by bus," in International Class 39, on July 1, 2015, U.S. Application Serial No. 86/680413.[1] *Id*. ¶10. Plaintiff also registered its Service Mark with the State of Florida for "transportation services, providing bus and commuter system services," in Class 39 on November 13, 2012, Registration No. T12000001119. *Id.*

Defendant is a limited liability company existing under the laws of the State of Florida. *Id*. ¶8. Defendant has made substantial sales by providing similar bus services to passengers in the State of Florida, including the Middle District of Florida, Tampa Division, and is subject to the jurisdiction of this Court. *Id.* Subsequent to Plaintiff's adoption and use of its Service Mark CRUISE CONNECTION, Defendant adopted and is using the same Service Mark CRUISE CONNECTION for its bus transportation services for passengers to cruise terminals in direct competition with Plaintiff, using the Mark in connection with its services and in advertising, on its websites and through other means and media. *Id.* ¶11.

Defendant's use and advertising of the Service Mark CRUISE CONNECTION, which is identical to Plaintiff's Service Mark for the same and substantially similar services, creates a likelihood of confusion, deception and misrepresentation as to the source of the services, unlawfully diverts business from Plaintiff's business to Defendant's, and is without Plaintiff's authorization or consent. *Id.* ¶12. Moreover, Defendant has caused actual confusion among

---

[1] In its Motion for Default Judgment, Plaintiff indicates that its Mark has now been registered with the United States Patent and Trademark Office.

2

Plaintiff's customers, prospective customers, and others in the marketplace. *Id.* As a result, Plaintiff has suffered and continues to suffer injuries to its business in Florida and throughout the United States. *Id.*

Plaintiff has sent written notification to Defendant demanding that Defendant cease and desist all use and advertising of the CRUISE CONNECTION Mark and other marks confusingly similar to Plaintiff's Mark for its services and the provision and advertising of its services and Defendant has refused to cease such infringing uses or otherwise comply with Plaintiff's demands. *Id.* ¶13. Defendant's acts of infringement and other violations of Plaintiff's rights are thus alleged to be deliberate and willful. *Id.*

In the Complaint, Escot brings claims for Federal Unfair Competition, False Designation of Origin, Passing Off and False Advertising, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) (Count I); Florida Trademark Infringement in violation of the Florida Trademark Act, Chapter 495 (Count II); and Common Law Trademark Infringement and Unfair Competition (Count III).

## II.     LEGAL STANDARD

A defendant who defaults is reasoned to have "admit[ted] the plaintiff's well-pleaded allegations of fact." *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987); *see also Nishimatsu Constru. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established.") However, "[t]he defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Nishimatsu Constr. Co.*, 515 F.2d at 1206  Accordingly, "default does not in itself warrant the court in entering a default judgment"—this Court is still required to determine

whether the allegations of fact contained in the complaint provide an adequate basis for the judgment entered. *Id.* Similarly, a plaintiff is entitled to only those damages adequately supported by the record. *See Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985).

### III. DISCUSSION

#### A. Clerk's Entry of Default

Federal Rule of Civil Procedure 55(a) states "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." A district court may enter a default judgment against a properly served defendant who fails to defend or otherwise appear pursuant to Federal Rule of Civil Procedure 55(b). *See DirectTV, Inc. v. Griffin*, 290 F. Supp. 2d 1340, 1343 (M.D. Fla. 2003).

Plaintiff's affidavit of service filed on December 9, 2015 shows that the process server effected service on Florida Express on October 21, 2015, by serving Jackie Dulard, who is designated by law to accept service of process on behalf of Defendant. Doc. 11. Under the guidelines established in Rule 4(e), Fed. R. Civ. P., service on the Defendant was proper.

Under Federal Rule of Civil Procedure 12(a)(1), Defendant was required to respond to Plaintiff's complaint within twenty-one (21) days from the date of service. Florida Express has failed to respond to the complaint and has otherwise failed to appear in this action. Thus, the Clerk properly entered the default against Defendant. *See* Doc. 16.

#### B. Liability

Plaintiff has properly alleged in its Complaint that Defendant infringed on its mark, is using the mark in commerce with its services and in advertising, on its websites and through other means

4

and media, likely confusion has occurred, and Escot's distinctive mark has been used without its consent and Defendant has done so in bad faith. *See* Doc. 1 ¶ 9-20. Since Escot has adequately pleaded all of the elements of the causes of action in its Complaint, and Defendant has defaulted, Defendant admits liability of the well-pleaded allegations of fact. Thus, Escot has succeeded on the merits of such claims. *See Virgin Records Am., Inc. v. Courson*, No. 307-CV-195-J-33MCR, 2007 WL 3012372, at *2 (M.D. Fla. Oct. 12, 2007) (stating "when a defendant is in default, the element of success on the merits is satisfied") (citing *Sony Music Entm't, Inc. v. Glob Arts Prods.*, 45 F. Supp. 2d 1345,1347 (S.D. Fla. 1999)).

   **1. Trademark infringement**

   a. *Unfair Competition (Count I) (Passing off, False advertising, False designation); Florida Statutory Trademark Infringement (Count II) and Florida Common Law Trademark Infringement and Unfair Competition (Count III)*

Escot contends that Florida Express is infringing and unfairly competing using its registered trademark. To state a claim for trademark infringement, a plaintiff must establish:

> (1) that they possess a valid mark, (2) that the defendant used the mark [or a colorable limitation of the mark], (3) that the defendant's use of the mark occurred in commerce, (4) that the defendant used the mark in connection with the sale or advertising of any goods or services, and (5) that the defendant used the mark in a manner likely to confuse consumers.

*See North Am. Med. Corp. v. Axiom Worldwide, Inc.*, 522 F.3d 1211, 1218 (11th Cir. 2008). Even though a claim for unfair competition is broader than one for trademark infringement, the same facts that support a claim for trademark infringement are also sufficient to support a claim for unfair competition. *See Playboy Enterprises, Inc. v. Frena*, 839 F. Supp. 1552, 1562 (M.D. Fla. 1993); *Chanel, Inc. v. Italian Activewear of Fla., Inc.*, 931 F.2d 1472, 1475 n.3 (11th Cir. 1991) (noting that the same facts support trademark infringement and unfair competition). Indeed, "an unfair competition claim based only upon alleged trademark infringement is

practically identical to an infringement claim." *Tally–Ho, Inc. v. Coast Cmty. Coll. Dist.,* 889 F.2d 1018, 1026 n .14 (11th Cir.1989). In addition, within the Eleventh Circuit, courts conduct the same analysis when evaluating federal statutory and state common law trademark infringement claims. *See Axiom Worldwide, Inc. v. HTRD Group Hong Kong Ltd.,* 8:11-CV-1468-T-33TBM, 2013 WL 2406260, at *13 (M.D. Fla. June 1, 2013), *aff'd sub nom. Axiom Worldwide, Inc. v. Excite Med. Corp.,* 591 Fed. Appx. 767 (11th Cir. 2014).

The Court will analyze Escot's trademark infringement and unfair competition claims together. In addition, to the extent that Escot also seeks relief under Florida trademark and unfair competition statutes (Counts II and III), "[c]ourts may use an analysis of federal infringement claims as a 'measuring stick' in evaluating the merits of state law claims of unfair competition." *Suntree Techs., Inc.,* 693 F.3d at 1345 (quoting *Planetary Motion, Inc. v. Techsplosion, Inc.,* 261 F.3d 1188, 1193 n. 4 (11th Cir.2001)). Thus, the Court's analysis below applies to Escot's state law claims as well.

Here, Escot has satisfied all the elements for trademark infringement and unfair competition. Escot filed an application to register its Service Mark with the United States Patent and Trademark Office for "transportation of passengers and/or goods by bus," in International Class 39, on July 1, 2015, U.S. Application Serial No. 86/680413, which has been granted and registered. Plaintiff also registered its Service Mark with the State of Florida for "transportation services, providing bus and commuter system services," in Class 39 on November 13, 2012, Registration No. T12000001119. Doc. 17 p. 4. Subsequent to Escot's adoption and use of its Service Mark CRUISE CONNECTION, Florida Express adopted and used the same Service Mark CRUISE CONNECTION for its bus transportation services for passengers to cruise terminals in direct competition with Escot. Doc. 1 ¶ 11. Thus, Escot has established that it has

6

priority. *See Tiffany (NJ), LLC, v. Dongping, 10-61214-CIV,* 2010 WL 4450451, at *4 (S.D. Fla. Oct. 29, 2010) (finding in the context of a default, plaintiff had established priority because plaintiff's ownership and registration of the marks preceded defendant's infringing conduct).

Second, Escot has established that Florida Express began using the mark CRUISE CONNECTION for a competing business offering bus transportation services for passengers to cruise terminals. Doc. 1 ¶11.  And subsequent to Escot's adoption and use of the Mark, Florida Express adopted and is using the same or virtually identical Service Mark CRUISE CONNECTION for its bus transportation services for passengers to cruise terminals in direct competition with Plaintiff, using the Mark in connection with its services and in advertising, on its websites and through other means and media. *See Petmed Express, Inc. v. Medpets.com, Inc.,* 336 F. Supp. 2d 1213, 1218 (S.D. Fla. 2004) (finding that "[i]n establishing a website on the Internet, Defendants have used the infringing marks in commerce.").

Finally, Plaintiff has established that Defendant used a mark that is so similar that consumer confusion is likely. Doc. 1 ¶ 12; *see Tiffany (NJ), LLC,* 2010 WL 4450451, at *4 (finding that the marks used on the goods advertised, offered for sale and/or sold by defendant were so similar to plaintiff's marks that consumer confusion was likely). *See also Nike, Inc. v. Austin,* No. 6:09-CV-796-ORL28KRS, 2009 WL 3535500, at *3 (M.D. Fla. Oct. 28, 2009) (finding that by failing to answer Defendants admitted that they infringed on Plaintiff's mark and did so after having actual and constructive knowledge of the mark.). Accordingly, Florida Express is liable for willful Federal unfair competition, Florida statutory trademark infringement, Florida common law trademark infringement and unfair competition.

**IV.     Relief Requested**

Escot seeks a permanent injunction and a deferred ruling on damages, attorneys' fees, and costs.

**1.  Permanent Injunction**

A plaintiff is entitled to permanent injunctive relief if a plaintiff demonstrates that (1) it has suffered irreparable injury; (2) there is no adequate remedy at law; (3) the balance of hardship favors an equitable remedy; and (4) issuance of an injunction is in the public's interest. *eBay, Inc. v. MercExchange, LLC*, 547 U.S. 388, 392-93 (2006). "The decision to grant or deny permanent injunctive relief is an act of equitable discretion by the district court, reviewable on appeal for abuse of discretion." *Id*. Here, this Court finds that Plaintiff has carried its burden on each of these four factors.

Taking the well-pleaded allegations as true, the Court finds a permanent injunction against future infringement is warranted.  Furthermore, due to the possibility of future infringement by Florida Express, and the seemingly unknowable extent of that infringement, monetary damages alone are inadequate to compensate Escot for any injury it has sustained or may sustain in the future.  Indeed, trademark infringement and unfair competition have been demonstrated by Florida Express' continued use of the mark despite knowledge informing it of the violation. Escot is likely to continue suffering an irreparable injury if infringement is allowed to continue.  *Artista Records, Inc. v. Beker Enters., Inc.*, 298 F. Supp. 2d 1310, 1314 (S.D. Fla. 2003) (noting that Plaintiffs "need not show irreparable harm, as the default against Defendants satisfies the element of success on the merits"). The Court further finds that an injunction would not serve a hardship on Florida Express.  *See Thompsons Film*, *LLC v. Velez*, 6:13-CV-671-ORL-36TB, 2014 WL 3721288, at *6 (M.D. Fla. July 28, 2014) (finding permanent injunction is

not a hardship on defaulting defendant).  And finally, no public interest would be disserved by the issuance of a permanent injunction against Florida Express. *Id.* at *6. Thus, the Court will, by separate order, permanently enjoin Florida Express from infringing on Escot's Mark.

**2. Attorney's Fees, Costs and Damages**

Escot seeks a deferred ruling on attorneys' fees, costs and damages. Escot has not provided any reason for its failure to address the issue of monetary damages, including the submission of affidavits, in its motion for default judgment. Therefore, Escot's request for monetary damages will be denied.  The Court will reserve jurisdiction to consider a motion for attorneys' fees and costs. Accordingly, it is

**ORDERED**:

1. Plaintiff's Motion for Default Judgment (Doc. 17) is **GRANTED**, as to the issue of liability and entitlement to permanent injunctive relief.

2. Pursuant to Rule 54, Fed. R. Civ. P., the Court will reserve jurisdiction to rule on a motion for attorneys' fees and costs. Plaintiff's request to defer ruling on the issue of damages is denied.

3. A final judgment and permanent injunction will be entered by separate order.

**DONE AND ORDERED** in Tampa, Florida on March 15, 2017.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any